ALEJANDRO VÁZQUEZ, Plaintiff and Appellant, *v.* JUANA CAMACHO, Defendant and Appellee.

No. 5357.    Argued May 11, 1931.—Decided June 16, 1932.

*A. Marín Marién* for appellant.    *E. H. F. Dottin* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Alejandro Vázquez and Juana Camacho lived in an apparent concubinage for a certain period of time until the former brought suit against the latter for the partition in equal shares of a house, without lot, situated in the ward of Santurce, of this city, described in the complaint and as the plaintiff claims, purchased and held in common by both parties herein. Juana Camacho opposed the complaint and alleged that the house belonged exclusively to her because she had purchased it with her own funds. The house was purchased on April 8, 1926, for the sum of $315 which was paid in cash, and it is now worth from $600 to $800 by reason of certain improvements made thereon. After a trial was held, judgment was rendered against the plaintiff, who took the present appeal.

The first two grounds of the appeal can be decided together as they are intimately related to each other. They are stated thus: "1. The court erred in weighing the evidence introduced by the defendant which varied the terms of the written contract whereby the house was acquired and whose existence is acknowledged by the court. 2. The court erred in holding that the house is the exclusive property of the defendant, notwithstanding it admits that a deed was executed in favor of both parties, the validity of which was not even attacked at the trial."

When the house was purchased, the vendors delivered a private document (*documento privado*) setting forth the sale. The plaintiff made demand upon the defendant to produce said document at the trial, but the same was not produced because, as Juana Camacho testified, it had disappeared at the time of the rebuilding of the house. Thereupon the plaintiff attempted to prove by witnesses that the said document recited that Alejandro Vázquez and Juana Camacho were the purchasers of the house. The defendant denied at the trial that it recited such a thing and introduced evidence, to which we shall refer later, to prove that the purchase was made with funds belonging exclusively to her. Some of the witnesses for plaintiff did not recall whether the document stated that the house had been purchased by both parties, but others testified in the affirmative. In any event, it was a document prepared by the vendor who, like the other witnesses, did not positively know whether the money belonged to the two persons who appeared as purchasers or to only one of them. The vendor who drew the document might have believed that said persons were married. The document existed. It was not prepared by the defendant and it does not appear that she approved of it. The statement incorporated by the vendor to the effect that Juana Camacho and Alejandro Vázquez purchased the house was not binding upon her. It was not a contract between the plaintiff and the defendant herein. Therefore, the trial court

did not err in permitting the defendant to introduce evidence to prove that the funds used for said purchase belonged exclusively to her; nor did it violate section 25 of the Law of Evidence.

In consequence of the foregoing findings, the trial court had a right to conclude from the evidence that the house belongs exclusively to the defendant in spite of the existence of the private document drawn by the vendor thereof.

The third and fourth grounds of appeal refer to the weighing of the evidence.

The plaintiff is a painter by trade and works occasionally earning $3 a day when he can find employment. He testified that the $315 paid for the house belonged exclusively to him, but the evidence on his side failed to show that at the time of said purchase or at any other time he had such an amount or even a smaller one. The defendant is a widow who has been working at a tobacco factory since she was about seventeen years of age, earning wages at the rate of $12 a week; since 1918 she has had a savings account in the Banco Popular which regularly showed balances in her favor in amounts fluctuating between $100 and $200; she loans money to her fellow workers; on one occasion she received $275 from The People of Puerto Rico as compensation for the damages caused to a property belonging to her in Miramar; she has been the owner of another small house located in Puerta de Tierra; she has two sons, each of whom gives her $20, $15, or $10 quarterly; she paid for the labor and materials used in the rebuilding of the house which is the object of this suit; and she is the one who pays for the rent of the lot, the taxes, the water, and the lighting, as the plaintiff admitted.

The foregoing summary of the evidence suffices for us to conclude that the lower court did not err as claimed, in holding that the alleged community of property had not been proved by a preponderance of the evidence, nor in weighing such evidence.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.